IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN MEIER, MICHAEL RAY TURNER, BENITO MIGUEL CURIEL, CRAIG CARNELL PICKENS, and SHANNON TURNER IVORY, | 8:24CV389 |
| Plaintiffs, | MEMORANDUM AND ORDER |
| vs. | |
| LONG, cpl, Individual and Official capacity; BECKY, Ms., Account/Funds Handler, Individual and Official capacity; UNKNOWN, cpl, Shield Number 97092, Individual and Official capacity; UNKNOWN, sgt, Individual and Official capacity; UNKNOWN, cpl, Shield Number 97051, Individual and Official capacity; UNKNOWN SHERIFF, Sheriff, Individual and Official capacity; BRANDON, Head United States Marshal, Individual and Official capacity; JON, Shield Number 52, Individual and Official capacity; UNKNOWN, Nurse, Individual and Official capacity; UNKNOWN, Doctor, Individual and Official capacity; and UNKNOWN, Capt, Individual and Official capacity; | |
| Defendants. | |

Lead Plaintiff Jonathan Meier ("Meier") and Non-Lead Plaintiffs Michael Ray Turner ("Turner"), Miguel Curiel ("Curiel"), Craig Carnell Pickens ("Pickens"), and Shannon Turner Ivory ("Ivory") (collectively "Plaintiffs"), all inmates at the Dakota County Jail, in Dakota City Nebraska, at the time their Complaint was filed on September 27, 2024, in the Northern District of Iowa. Filing No. 5. The matter was transferred to this Court on October 1, 2024. Filing No. 6. Before this Court are the following motions: (1) Motions seeking leave to proceed in forma pauperis filed by Curiel, Turner, Ivory, Meier, and

Pickens, Filing Nos. 25, 27, 28, 29 and 30; (2) Addendums to the Complaint and motions seeking leave to "later" amend the Complaint filed by Turner, Meier, Ivory, and Pickens, Filing Nos. 23, 31, 32, 33, and 34; (3) A motion to take notice of Filing No. 15, Filing No. 41; (4) A second or amended motion for leave to proceed in forma pauperis filed by Pickens, Ivory, Turner, and Curiel (the "Amended IFP Motions"), Filing Nos. 42, 43, 45, and 46; (5) A motion to sever filed by Meier, Filing No. 51; and (6) A motion to appoint counsel filed by Meier, Filing No. 52.

The matter is also before this Court to conduct an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A(a). In addition to the Complaint, the Court considered the remaining motions seeking leave to file addendums to the Complaint (as well as leave to further supplement the Complaint at a later time), which this Court shall construe as supplements to the Complaint, see Filing Nos. 23, 31, 32, 33, and 34, filed by Meier, Turner, Ivory, and Pickens (the "Motions to Supplement"), along with Meier's Motion to Sever, Filing No. 51, seeking to sever his claims and proceed individually in a separate suit.

The motion to take notice, Filing No. 41, shall be granted. However, although the Court is on notice that the Plaintiffs initially sought to proceed as joint plaintiffs, upon initial review of the Complaint, the Motions to Supplement, and the Motion to Sever, the Court finds that summary dismissal of this matter is appropriate. The Motions to Supplement, Filing Nos. 23, 31, 32, 33, and 34, shall be denied.

However, in lieu of dismissal the Court shall grant Meier's Motion to Sever in part, Filing No. 51, sua sponte severing Non-Lead Plaintiffs Curiel, Turner, Ivory, and Pickens' claims into separate suits. Meier shall be granted leave to amend his complaint in his

2

individual case in accordance with this Memorandum and Order.    This Court shall address the amendment of Curiel, Turner, Ivory, and Pickens' complaints after their cases have been severed and new individual cases have been opened.

The motion to proceed in forma pauperis filed by Meier, Filing No. 29, shall be granted.  The initial motions to proceed in forma pauperis filed by Curiel, Turner, Ivory, and Pickens, Filing Nos. 25, 27, 28, and 30, shall be denied as moot as Pickens, Ivory, Turner, and Curiel filed the Amended IFP Motions, *see* Filing Nos. 42, 43, 45, and 46.  As Curiel, Turner, Ivory, and Pickens' claims shall be severed from this case, the Court shall abstain from addressing the Amended IFP Motions until the new cases have been opened in compliance with this Memorandum and Order.    Finally, Meier's motion seeking appointment of counsel, Filing No. 52, shall be denied without prejudice.

## I.  MEIER'S MOTION TO PROCEED IFP

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP.  28 U.S.C. § 1915(b).  The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)*; Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of a plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint.

The Court finds the initial partial filing fee for Plaintiff Meier is $63.35, based on Meier's average monthly account balance of $316.76.  Filing No. 19.  Meier must pay his initial partial filing fee within 30 days, or his case will be subject to dismissal.  Meier may request an extension of time if one is needed, but any requests for additional time must be done prior to the payment deadline.

In addition to the initial partial filing fee, Meier must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  28 U.S.C. § 1915(b)(2).  The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.*  Therefore, after payment in full of the initial partial filing fee, each Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court.

Plaintiff Meier is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time.  *See In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

## II. MOTION TO APPOINT COUNSEL

Plaintiff Meier seeks appointment of counsel, Filing No. 52, arguing that appointment is appropriate as he has been unable to secure private counsel, that due to his incarceration he has limited access to legal materials, the issues in this case are complex and likely require substantial investigation and discovery, that a trial would likely

involve conflicting testimony, and that counsel would better enable Plaintiff to present evidence and cross examine witnesses. *Id.*

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. As such, Plaintiff's motion for appointment of counsel shall be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## III. INITIAL REVIEW AND MOTION TO SEVER

The Court now conducts an initial review of the Complaint and Motions to Supplement[1] to determine whether summary dismissal is appropriate under 28 U.S.C. §§

---

[1] As noted, Turner, Meier, Ivory, and Pickens filed motions for leave to file addendums to the Complaint (which this Court construes as seeking leave to supplement the Complaint) as well as seeking leave to further supplement at a later, but unstated, date. *See* Filing Nos. 23, 31, 32, 33, and 34.

1915(e)(2) and 1915A(a) and also considers the Motion to Sever filed by Lead Plaintiff Meier.  Upon consideration and for the reasons set forth below the Court shall grant the Motion to Sever in part, severing each of the Non-Lead Plaintiffs from this case, and granting each individual Plaintiff leave to amend their Complaints as individual plaintiffs proceeding in separate actions. The Court finds this course of action necessary for several reasons.

As an initial matter, upon receiving the Complaint filed by Lead-Plaintiff Meier, this Court apprised Non-Lead Plaintiffs Turner, Ivory, Pickens, and Curiel of the challenges of litigating a multi-prisoner-plaintiff matter, requiring each of the Non-Lead Plaintiffs to individually confirm whether they sought to continue in this multi-plaintiff litigation, if they wished to proceed with their claims individually, or if they wanted to be dismissed from this suit without the payment of filing fees.  Filing No. 15.  In response, the Plaintiffs filed the Motion to Take Notice whereby each Non-Lead Plaintiff confirmed in writing that they wished to jointly litigate this case.  Filing No. 41.  To the extent the Motion to Take Notice was filed in compliance with Filing No. 15, it is granted.  The Court is on notice that the Non-Lead Plaintiffs Turner, Ivory, Pickens, and Curiel wish to proceed as joint plaintiffs in this matter.

However, around the same time that the Non-Lead-Plaintiffs filed the Motion to Take Notice, Meier was transferred out of the Dakota County Jail.  *See* Filing No. 47. Shortly thereafter, Meier moved to have his case severed from the Non-Lead Plaintiffs, Filing No. 51, due to his inability to comply with the joint-plaintiff case requirements previously discussed by this Court in Filing No. 15.  Specifically, Meier argues that because he is not allowed to communicate with the Non-Lead Plaintiffs due to his

institutional transfer (and current "in transit" status), he cannot proceed in this multi-plaintiff case.  Filing No. 51 at 1.

The Court agrees that Lead Plaintiff Meier can no longer proceed with this joint-litigation.  However, upon initial review of the Complaint and the Motions to Supplement, this Court finds that severance of each Plaintiff's claims into individual suits is also appropriate due to the lack of shared factual support for the claims as alleged.

While the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness, *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966), this does not mean that parties should be given free rein to join multiple plaintiffs and multiple defendants into a single lawsuit when the claims are unrelated.  *Gresham v. Smith*, No. 1:16-CV-1402, 2017 WL 33567, at *3 (W.D. Mich. Jan. 4, 2017) (prisoners asserting unrelated claims could not join as plaintiffs in one action).  Rule 20(a)(1) of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in a single action if (i) they assert claims "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (ii) "any question of law or fact common to all plaintiffs will arise in the action."

In construing Rule 20, the Eighth Circuit has provided a very broad definition for the term "transaction."  *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010).  As stated in *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974):

> "Transaction" is a word of flexible meaning.  It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

> Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence.  The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different

7

parties to be tried in a single proceeding.  Absolute identity of all events is unnecessary.

Id. at 1333 (citations omitted); *see also* 7 Charles A. Wright et al., Federal Practice and Procedure, § 1653, at 415 (3d ed. 2001) (explaining that the transaction/occurrence requirement prescribed by Rule 20(a) is not a rigid test and is meant to be "read as broadly as possible whenever doing so is likely to promote judicial economy.").

Here, the Complaint (and the Motions to Supplement) contains claims alleging denial of access to the courts, cruel and unusual punishment, due process violations, deliberate indifference to medical needs, and liberty violations.  *See e.g.* Filing No. 5 at 7.  While the general claims appear to similarly relate to each Plaintiff due to their housing (or having been housed) in the Dakota County Jail, the lack of similarity in factual support for each individual Plaintiff's claims does not appear to provide a basis for Plaintiffs' joinder under Rule 20(a)(1).  This is so as although the claims set forth in the Complaint allegedly involve all Plaintiffs, it does not necessarily follow that the same transaction or occurrence is involved in each claim.

For example, while all Plaintiffs claim that they were denied access to the courts via a lack of access to a law library or legal research materials, each Plaintiff individually must make a showing of actual harm in order to prevail on this type of claim.  *See Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008) (denial of access to courts claim requires showing actual injury).  This makes joinder impractical. Proving actual injury would necessarily require a separate factual inquiry into each of the Plaintiffs' alleged disrupted access to courts claims which likely do not arise out of the same transaction or occurrence.  *See Blood v. Fed. Bureau of Prisons*, 351 F. App'x 604, 607 (3d Cir. 2009) (unpublished) (holding district court did not abuse its discretion in denying joinder of

8

inmates' claims that prison officials disrupted their separate legal proceedings through postal interference because the alleged constitutional violations arose from separate occurrences and proving actual injury would necessarily require a separate factual inquiry into each of the plaintiffs' legal proceedings); *Pope v. Miller*, No. CIV-07-0284-F, 2007 WL 2427978, at *3 (W.D. Okla. Aug. 21, 2007) ("Allegations of actual injury in support of a denial of access to the courts claim necessarily vary from plaintiff to plaintiff and do not arise out of the same transaction or occurrence.").

As further example, while many of the supplemented claims overlap, Meier added specific facts and exhibits to support each of his claims, Filing No. 23, as did Turner, *see* Filing No. 31 at 1, 4 (arguing the actions of the defendants caused him emotional distress including anxiety and insomnia, depression, loss of monetary funds, and family strain), and Ivory, *see* Filing No. 33 at 1. Indeed, immediately following the statement of claims in the Complaint this Court is referred to each plaintiff's "separate brief for details." Filing No. 5 at 7. Moreover, the injuries listed in the Complaint are very specific, as "upper GI was to be done, and medications 'inhaler' never ordered," which likely do not apply to all Plaintiffs. Filing No. 5 at 7. Finally, the Complaint notes that only some of the Plaintiffs have exhausted their claims relating to the law library and "substandard" medical care, and that the results of the grievance procedure were different for each of the Plaintiffs. Filing No. 5 at 8–9. It is more than clear that the factual allegations which are needed to support each claim do not arise out of the same transaction or occurrence even though they may involve the same types of constitutional violations and result in similar harm.

9

For these reasons the Court shall grant the Motion to Sever in part, sua sponte severing each Non-Lead Plaintiff and their claims from this case and leaving Plaintiff Meier as the sole plaintiff in this action.

IT IS THEREFORE ORDERED that:

1.      The Motion to Take Notice, Filing No. 41, is granted to the extent the Court is on notice that at the time of its filing all Plaintiffs sought to proceed jointly in this action.

2.      Meier's Motion to Sever, Filing No. 51, is granted to the extent that Meier seeks to proceed individually and to be severed from the Non-Lead Plaintiffs.  However, as the Court sua sponte determines that all Plaintiffs must proceed individually, the Court shall sever Plaintiff Turner, Plaintiff Ivory, Plaintiff Curiel, and Plaintiff Pickens from this case and Plaintiff Meier shall remain as the sole plaintiff in this case number 8:24:CV389.

3.      Each of the Non-Lead Plaintiffs, Turner, Ivory, Curiel, and Pickens, are severed from this case.  The Clerk of the Court is directed to: (a) open a new case file for each of the Non-Lead Plaintiffs, Turner, Ivory, Curiel, and Pickens, listing each as the sole plaintiff, (b) copy all docket entries from the present file into the new case files, (c) file this Memorandum and Order in all new cases, and (d) terminate Michael Ray Turner, Miguel Curiel, Craig Carnell Pickens, and Shannon Turner Ivory as parties in the present case.

4.      The motion to proceed in forma pauperis filed by Meier, Filing No. 29, is granted.

5.      Meier must pay an initial partial filing fee of $65.35 within 30 days unless the Court extends the time in which he has to pay in response to a written motion.

6.       After payment of the initial partial filing fee, Meier's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the Court.

7.       The Clerk's Office is directed to send a copy of this order to the appropriate official at Meier's institution.

8.       The initial motions to proceed in forma pauperis filed by Curiel, Filing No. 25, Turner, Filing No. 27, Ivory, Filing No. 28, and Pickens, Filing No. 30, shall be denied as moot.   The Court shall abstain from addressing the Amended IFP Motions filed by Pickens, Filing No. 42, Ivory, Filing No. 43, Turner, Filing No. 46, and Curiel, Filing No. 45, until new cases have been created for Curiel, Turner, Ivory, and Pickens.

9.       The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **January 22, 2025**: initial partial filing fee payment for Meier due.

10.       Meier's Motion to Appoint Counsel, Filing No. 52, is denied without prejudice to reassertion.

11.       In consideration of the motions seeking to supplement the Complaint filed by Meier, Ivory, Turner, and Pickens, Filing Nos. 23, 31, 32, 33, and 34, those motions shall be denied.  Meier shall be given 30 days in which to file an amended complaint on his own behalf, and the Court will then review his amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. Any amended complaint filed by Meier will supersede, rather than supplement, the Complaint.

11

Meier is reminded that in his amended complaint he must include all of the claims he wishes to pursue against all individuals <u>named</u> as defendants in this case and any other defendant that he wishes to proceed against. Meier should be mindful to explain in his amended complaint what each defendant did to him, when and where the defendant did it, and how the defendant's actions harmed him. While Meier may incorporate the claims made in his prior Complaint and supplements by reference, Meier must be sure to provide a complete listing of claims and facts in support of those claims in his amended complaint.

12. In conjunction with addressing the Amended IFP Motions after severance of Curiel, Turner, Ivory, and Pickens' claims, this Court shall address the amendment of Curiel, Turner, Ivory, and Pickens' individual complaints.

Dated this 23rd day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court