IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANNON TURNER IVORY,<br><br>   Plaintiff,<br><br>vs.<br><br>LONG, cpl, Individual and Official capacity; BECKY, Ms., Account/Funds Handler, Individual and Official capacity; UNKNOWN, cpl, Shield Number 97092, Individual and Official capacity; UNKNOWN, sgt, Individual and Official capacity; UNKNOWN, cpl, Shield Number 97051, Individual and Official capacity; UNKNOWN SHERIFF, Sheriff, Individual and Official capacity; BRANDON, Head United States Marshal, Individual and Official capacity; JON, Shield Number 52, Individual and Official capacity; UNKNOWN, Nurse, Individual and Official capacity; UNKNOWN, Doctor, Individual and Official capacity; and UNKNOWN, Capt, Individual and Official capacity;<br><br>   Defendants. | 8:24CV496<br><br>**MEMORANDUM AND ORDER** |

Before this Court is a motion seeking leave to proceed in forma pauperis (the "IFP Motion") filed by Plaintiff Shannon Turner Ivory ("Plaintiff"). Filing No. 43. The matter is also before this Court on this Court's December 23, 2024, Memorandum and Order, to address amendment of Plaintiff's Complaint following severance from his prior co-plaintiffs. Filing No. 55.

For the reasons that follow, the IFP Motion shall be granted, and Plaintiff shall be granted leave to amend his Complaint.

## I.  THE IFP MOTION

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP.  28 U.S.C. § 1915(b).  The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)*; Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001)*.*

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of a plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint.  Based on Plaintiff's average monthly account balance  of $1,781.71, Filing No. 18, the initial partial filing fee for Plaintiff would be $356.34, which is more than the $350 filing fee for this matter.  However, "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . ." 28 U.S.C. § 1915(b)(3).  Accordingly, Plaintiff shall be required to pay a $350.00 filing fee at the outset of the case, as mandated by 28 U.S.C. § 1915(b).  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Prison Litigation Reform Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time.  See *In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

## II. LEAVE TO AMEND

Plaintiff initially filed his Complaint on September 27, 2024, in the Northern District of Iowa, as a joint complaint, along with four other inmate-plaintiffs who were housed with Plaintiff at the Dakota County Jail. Filing No. 5. The matter was transferred to this Court on October 1, 2024. Filing No. 6. Upon initial review of the Complaint (and multiple supplements filed by Plaintiff and several other joint plaintiffs), this Court determined that the parties could not proceed as joint-plaintiffs under Rule 20(a)(1) of the Federal Rules of Civil Procedure because it appeared the claims asserted did not arise out of the same transaction, occurrence, or series of transactions or occurrences. Filing No. 55 at 6–8. As a result, this Court determined that each of the joint plaintiffs must proceed individually, severing their claims into separate cases. *Id*. at 10.

The Court also determined that while the Complaint (and the Motions to Supplement) contained claims alleging denial of access to the courts, cruel and unusual punishment, due process violations, deliberate indifference to medical needs, and liberty violations, the Complaint did not contain sufficient factual allegations to support each claim and/or it was not possible for this Court to determine which factual allegations related to each individual plaintiff. *Id*. at 8–9. In order for Plaintiff's claims to proceed, the filing of an amended complaint is necessary.

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general

indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *id.* at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

While the Court shall not go through each instance that amendment is required, any amended complaint filed by Plaintiff in compliance with this order must comply with the pleading requirements of Rule 8.[1]  As such, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims, including naming each defendant he seeks to sue. *Plaintiff should be mindful to clearly explain what each defendant did to him, when each defendant did it, how each defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated.  Put another way, the Court cannot guess as to what each defendant did and when, therefore, Plaintiff should set forth factual allegations that establish who each defendant is, when and how they were involved with Plaintiff's claims, and what claims Plaintiff alleges against each of them.*

---

[1] *See* Filing No. 55 at 8–9 for a more specific discussion of some of the Complaint's pleading deficiencies.

4

IT IS THEREFORE ORDERED that:

1. Plaintiff's IFP Motion, Filing No. 43, is granted.

2. Plaintiff must pay the entire filing fee of $350.00 no later than **February 3, 2025**, unless the Court extends the time in which he has to pay in response to a written motion.

3. The Clerk's Office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

4. The Clerk of the Court is directed to send Plaintiff the Form Pro Se 14 ("Complaint for Violation of Civil Rights (Prisoner)").

5. Plaintiff is sua sponte granted leave to amend his Complaint at Filing No. 5. Plaintiff may file an amended complaint on his own behalf no later than **February 3, 2025**. Once an amended complaint is filed (and the initial partial filing fee has been received) the Court will review Plaintiff's amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. Any amended complaint filed by Plaintiff will supersede, rather than supplement, the Complaint.

Plaintiff is reminded that in his amended complaint he must include all of the claims he wishes to pursue against all individuals <u>named</u> as defendants in this case and any other defendant that he wishes to proceed against. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when and where the defendant did it, and how the defendant's actions harmed him. While Plaintiff may incorporate the claims made in his prior Complaint, Filing No. 5, and his supplement, Filing No. 33, by reference, Plaintiff must be sure to provide a complete listing of claims and facts in support of any claims, including those previously pleaded, in his amended complaint.

6. Failure to file an amended complaint by the deadline set forth in this order shall result in the dismissal of Plaintiff's case without further notice.

7. Should Plaintiff require further time to comply with this Memorandum and Order he must move for an extension, in writing, prior to the expiration of the deadline for compliance.

8. The Clerk's Office is directed to set pro se case management deadlines in this case using the following text: **February 3, 2025**: initial partial filing fee payment due and check for amended complaint.

Dated this 2nd day of January, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

6